# Southern Express Company v. Holland.

*Action against Express Company, to recover Damages for Loss of Package.*

1. *Express company; liability for loss of package.*—In an action against an express company to recover damages for the loss of a package of money, it appeared that the plaintiff, on a certain day, was expecting the package by express at a small way station, where it was the custom, known to the plaintiff, for consignees to call for packages upon notice of their arrival; that, in the afternoon of that day, and in time for the plaintiff to have called at the office of the express company for the package, he was notified of its arrival, but requested the company to keep it until the next day; and that the package was stolen that night, without fault on the part of the company. *Held,* that the company's liability as a common carrier ceased after the notice was given to the plaintiff and he failed to avail himself of the opportunity to receive the package that day, and that the company was not liable for its loss.

APPEAL from the Circuit Court of Conecuh.

Tried before T. M. STEVENS, ESQR., Special Judge.

This was an action by the appellee, Solomon W. Holland, against the appellant, the Southern Express Company, to recover $183.03 damages for the failure of the defendant to deliver one package of money, containing $183.03, received by the defendant as a common carrier, to be delivered to the plaintiff at Castleberry, Ala. Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following charge in writing: "The court charges the jury that if you believe the evidence you must find for the plaintiff for the amount sued for and the interest thereon from the 4th day of February, 1895, less thirty-five cents, the freight due on said package." The defendant excepted to the giving of this charge, and also excepted to the refusal of the court to give the following charge in writing requested by it: "The court charges the jury that if you believe the evidence you must find for the defendant." There were verdict and judgment for the plaintiff, and the defendant appeals.

[Southern Express Co. v. Holland.]

STALLWORTH & BURNETT, for appellant.—The failure
of the plaintiff, after notice of the arrival of the package,
to avail himself of the opportunity to receive it term-
inated defendant's liability as a common carrier, and
it was not liable for the subsequent loss of the package,
without fault on its part.—*Kennedy Brothers v. Mobile &
Girard R. Co.*, 74 Ala. 430 ; *Columbus & Western R. Co.
v. Ludden & Bates*, 89 Ala. 612 ; 7 Am. & Eng. Ency.
of Law, 556, and note.

FARNHAM & CRUM, *contra*.—We undestand the rule to
be that a common carrier is liable *as such*, for property
delivered to it, from the time of its receipt of such prop-
erty until it has been delivered at the point of destina-
tion, and a *reasonable opportunity* has been afforded the
consignee to obtain it. The defendant insists that a
reasonable time within which plaintiff could have ob-
tained the package had not elapsed before its loss. It will
be observed that it was at least 4 :30 o'clock in the after-
noon before the package was ready for delivery. This
hour, at that season of the year, was almost dark, and
certainly after business hours. We respectfully submit
that such a reasonable opportunity as the law requires
had not been afforded plaintiff for obtaining said pack-
age.—*Columbus & Western Ry. Co. v. Ludden & Bates*, 89
Ala. 612 ; Hutchinson on Carriers, §§ 358, 359, 378 and
379.

HARALSON, J.—The obligation of common carriers
in transportation of goods for a reward is well settled to
be, that after the goods are delivered to him, he will
carry and deliver them to the consignee, at a proper
time, and at the proper place, without loss or failure,
except by the act of God or the public enemy. To this
end, he becomes an insurer, and the liability continues,
after the arrival of the goods at the place of destination,
—in the absence of statutory regulations,—until the con-
signee has a reasonable time within which to receive
them. When the goods have been safely transported to
their destination, and the carrier informs the consignee
of their arrival, and affords him a reasonable opportu-
nity to receive them, his relation, duty and obligation as
a common carrier terminates, and, if the goods are
allowed to remain in his custody thereafter, his liability

becomes that of a warehouseman.—*Kennedy v. Mobile & Girard R. Co.*, 74 Ala. 430 ; *Louisville & Nashville R. Co. v. McGuire*, 79 Ala. 396; *Louisville & Nashville R. Co. v. Oden*, 80 Ala. 41 ; *Columbus & Western R. Co. v. Ludden*, 89 Ala. 614.

As to Express Companies, the rule seems to be well settled, that, generally, they are required to deliver the goods or packages to the consignee at his residence or place of business. 7 Am. & Eng. Ency. of Law, 561, and authorities cited. But this rule has received modification, where the place of delivery is at small way stations, where the business will not justify the keeping of special delivery messengers and wagons, in which case personal notice of the arrival of the goods or packages, and depositing them in a safe receptacle, if that be the known custom of the company, will be treated as a delivery, when the consignee has had reasonable time, after such notice, to remove the goods or receive the packages. "Such a custom may be reasonable, and therefore legal, and if well established, parties will be presumed as having contracted with reference to it." Redfield on Carriers, § 61 ; Hutchinson on Carriers, § 380 ; *Baldwin v. Express Co.* 23 Ill. 198 ; *Am. & W. Ex. Co. v. Wolf*, 79 Ill. 430 ; *Marshall v. Express Co.*, 7 Wis. 1.

The proof in the case before us shows that the package of money was delivered to the express company in Mobile, on the 4th of February, 1895, to be delivered to the appellee, Holland, plaintiff below, at Castleberry, a very small way station on the railroad, of about seventy-five inhabitants: that it was, and had been for many years, the custom of the defendant company not to make personal delivery of goods transported by it to its customers at Castleberry, at their residences or places of business, but it was to give notice to the consignees of the arrival of goods or packages, and for them to call at defendant's office and receive them ; that all express business was carried by mail trains, from Mobile to Castleberry, and that the train from Mobile which brought the package in question arrived at Castleberry at 4 :20 p. m. on the 4th of February, 1895 ; that the package was received in good order, on which the charge was 35 cents ; that it was immediately entered in the book of the company by the agent, and deposited in an iron safe and locked up, and the office remained open until 7 :30

[Southern Express Co. v. Holland.]

p. m. The agent of the company, Buffington, swore, that within five or ten minutes after the arrival of the package, he started to plaintiff's office, which was within thirty or forty yards distance, to give him notice of its arrival, and found the door closed, and, about dusk of the same evening, while standing on the platform of the warehouse, he saw plaintiff about 100 yards away, going in the direction of his residence, when witness said to him that he had an express package for him, and plaintiff replied, "All right, I'll get it in the morning." The witness, Arnold, the route agent for defendant, corroborates this statement of the local agent, as to the notice of the arrival of the package. He visted Castleberry on the 7th February, and, in a conversation he had with the plaintiff, the plaintiff stated to him that he was expecting the package from Mobile, on the 4th of February, as he had ordered it sent to him by express, and that while he was on his way home that day, the agent of the company, Buffington, notified him that he had a package for him, and that he did not feel like turning back, was his reason for not taking it, when notified, and that he told said agent,—"All right, I'll get it in the morning."

The plaintiff testified that he had ordered said package of money from Mobile, and was not looking for any other package by express; and was looking for and expecting that package when, on his way home, about dusk, on the 4th of February, 1895, the agent of defendant told plaintiff that he had a package for him; that the agent was, at the time, on the platform of the warehouse, about 100 yards from plaintiff, and that his recollection was, he replied to the agent,—"I will get it to-morrow." He did not remember telling the route agent, Arnold, that his reply to the agent was;—·"All right, I'll get it in the morning." He further testified that he had been getting packages by express at Castleberry office for 15 or 20 years, and had lived there all his life; that people always went to the office to get their packages, and that the defendant company never made personal delivery of packages at the residences or places of business of consignees.

From this evidence, without any material conflict, it appears, that plaintiff had ordered and was expecting the arrival of this particular money package, the day it

[Reeves & Co. v. Peterman.]

arrived at Castleberry; that the long prevailing custom at that place was for defendant to give notice to its consignees of the arrival of packages, and for them to call at defendant's office and get them; that deliveries were not made at the residences or places of business of consignees, but at defendant's office, on notice of arrival, and not elsewhere, and with this custom plaintiff was well acquainted; that plaintiff was notified of the arrival of this package in time, on the 4th of February, 1895, to have called and received it, and that, after notice and having this opportunity, he, in effect, declined to receive it that day, but requested the company to keep it until the next day. The proof shows that the package was stolen during the night, without fault of the defendant or its agent, and that they took reasonable care of the same to prevent loss.

We hold, on principle and authority, that the liability of the company, as a common carrier, after the notice it gave the plaintiff of the arrival of his money, and refusal to receive it at the time and in the manner he did, ceased, and became that, simply, of a bailee for deposit or storage.—*Kennedy v. Mobile & Girard R. Co., supra.*

There was error in giving the general charge for plaintiff. A like charge as requested by defendant should have been given.

Reversed and remanded.