# Louisville & Nashville Railroad Co. v. Brinkerhoff & Co.

*Action Against Common Carrier for Failure to Deliver Goods.*

1. *When count in complaint is ex-contractu; misjoinder.*—A count averring that defendant, as a common carrier for hire, received goods at point of shipment to be transported and delivered to the consignee at the point of destination, and failed to so transport and deliver the goods, and concluding, "but the defendant so negligently, carelessly and improperly conducted itself in that behalf, that by and through such negligence," etc., the goods were lost, taken as a whole, is a count *ex-contractu*, and is improperly joined with a count for conversion.

2. *Sufficiency of demurrer.*—A demurrer, "For that said complaint contains counts for the recovery of money on a breach of contract, and for conversion," raises the question of misjoinder precisely.

APPEAL from Shelby Circuit Court.

Tried before Hon. GEORGE F. BREWER.

The first count of the complaint was as follows: "The plaintiff claims of the defendant one hundred and twenty dollars as damages for that whereas the defend- ant, before and at the time of the delivery of the goods hereinafter mentioned, was and thence hitherto hath been and still is a common carrier of goods and chattels for hire, to-wit: from Calera, in Shelby county, to Bes- semer, in Jefferson County, Alabama; and the plaintiff on the 5th day of January, 1892, at Calera, aforesaid, caused to be delivered to the defendant as such common carrier two hundred barrels of lime of the value of one hundred and twenty dollars, to be safely and securely transported from Calera, aforesaid, to Bessemer, afore- said, and the defendant, on said 5th day of January, 1892, there at Calera, aforesaid, accepted and received said lime to be transported for plaintiff from Calera, aforesaid, to Bessemer, aforesaid, and then at Bessemer, aforesaid, to be delivered to the plaintiffs or to their order; and the plaintiffs aver that it became and it was the duty of the defendant to transport said lime from Calera, aforesaid, to Bessemer, aforesaid, and then at Bessemer, aforesaid, to deliver said lime to the plaintiffs or their order; yet the defendant, not regarding its duty as such common carrier, as aforesaid, did not safely and securely transport and deliver said lime to the plaintiffs or their order at Bessemer, aforesaid, as it became and was the duty of the defendant so to do, but the defendant so negligently, carelessly, and im- properly behaved and conducted itself in that behalf that by and through the carelessness, negligence and default of the defendant in the premises, the said two hundred barrels of lime of the value aforesaid became and were and are wholly lost to the plaintiff. Hence this suit." It appears from the orders on the trial docket, but not otherwise, that the second count was stricken out by amendment. This and the third count, with the demur- rer for misjoinder, and the ruling of the court thereon, are shown by the opinion, and present the only ques- tions decided on this appeal.

THOS G. and CHAS. P. JONES, and ALEX. C. BIRCH, for appellant, cited, on the question of misjoinder, *Hol- land v. Southern Exp. Co.,* 21 So. 992; *R. R. Co. v. Eich- ofer,* 100 Ala. 224; *McCarthy v. R. R. Co.,* 102 Ala. 193;

34

*McDaniel v. Johnston*, 110 Ala. 526; *Baldwin v. K. C. M. & B. R. R. Co.*, 20 So. 349.

(No counsel for appellee).

COLEMAN, J.—The suit was brought by the appellee. The complaint contains three counts, the first and second being against the defendant as a common carrier, and the third is against the defendant generally, and is in trover for a conversion of the goods. The fifth ground of demurrer to the complaint is, "For that said complaint contains counts for the recovery of money on a breach of contract, and for conversion." The second count pursues the form given in the Code for an action on a bill of lading of a common carrier, Code 1896, p. 940, and is *ex contractu*. The third count follows the form given in the Code for a conversion of chattels. Clearly there is a misjoinder of counts. The demurrer raised the question precisely, and should have been sustained. Looking at the first count as a whole, we hold that it is a count *ex contractu*. It avers that the defendant as a common carrier received the lime at Calera to be transported and delivered to plaintiff at Bessemer, for a reward, and that it failed to transport and deliver the same to plaintiff at Bessemer. Both contract and breach is here averred, and a complete cause of action *ex contractu*. The fact that the count at its close avers, that "the defendant so negligently, carelessly and improperly behaved and conducted itself in that behalf" that the lime was lost, cannot operate to change the gravamen of the complaint, which clearly appears to be a breach of contract. This error necessarily works a reversal of the case. We cannot anticipate whether plaintiff will so amend his complaint as to proceed *ex contractu* or in tort, and we will not undertake to pass upon questions which may never arise again.

It is not improper to say, that the evidence shows that the lime was permitted to remain with the defendant for some two weeks after notice to the plaintiff of its arrival at Bessemer. Whether the defendant's liability as a common carrier continued for so long a time, might present a question for consideration.

As to the character of the action under the first count,

see *McDaniel v. Johnston*, 110 Ala. 526; *Baldwin v. Kansas City*, 111 Ala. 515; *A. G. S. R. Co. v. Eichofer*, 100 Ala. 224; *McCarthy v. Railroad Co.*, 102 Ala. 193. On the other suggestion, see *So. Ex. Co. v. Holland*, 109 Ala. 362; *L. & N. R. R. Co. v. Touart*, 97 Ala. 514, authorities cited.

Reversed and remanded.

*Action Against Common Carrier for Failure to Deliver Goods.*

