# Western Union Telegraph Company *v.* Krichbaum.

*Action for Damages against Telegraph Company for Failure to Deliver Message.*

[Decided Jan. 14th, 1902.]

1. *Telegraph companies; assumpsit for breach of contract; damages; mental suffering.*—In an action of assumpsit against a telegraph company for failure to deliver a message, if the facts proven show a breach sufficient to warrant a recovery

[Western Union Telegraph Co. v. Krichbaum.]

of nominal damages, damages for mental suffering may be recovered by way of aggravation.

2. *Action ex delicto for failure to deliver telegram; mental suffering, when damages for not recoverable.*—In an action in case against a telegraph company to recover damages for failure to deliver a message, no damages being averred or claimed for any actual injury to the person, reputation or estate of the plaintiff, damages for mental suffering are not recoverable.

3. *Action against telegraph company for failure to deliver message; nature of action, whether ex contractu or ex delicto.*—The addressee in a telegram, to whom the telegraph company has failed to deliver it, may maintain an action in assumpit by relying for recovery upon a breach of the contractual obligation to deliver the message, or in case, by relying on a breach of duty in failing to deliver it, whether that duty arose out of the contract or is imposed by law.

4. *Telegraph companies, duty as to delivery of telegram.*—Independent of a promise by a telegraph company to deliver a message entrusted to it for transmission, the law imposes upon it the duty of transmitting and delivering it with all reasonable diligence.

5. *Same; action against; pleading.*—Where a duty springs out of the relation of the parties growing out of a contract, it is necessary to aver the contract and the terms of it in the complaint, in order to show the duty; and where a recovery is sought for a breach of duty growing out of a breach of a contract, the complaint must show a breach of the contract.

6. *Pleading, when ex delicto; action against telegraph company.* A complaint against a telegraph company for damages for mental suffering for failure to deliver to plaintiff a telegram addressed to him, is in case, where it avers that plaintiff's agent delivered to defendant for transmission to plaintiff a telegram informing plaintiff of his father's death, and that defendant "negligently and carelessly failed to deliver said telegram to plaintiff, as it was in duty bound to do," and that "defendant's failure to deliver said telegram was in violation of a duty which it owed to plaintiff, and was done in utter disregard of plaintiff's rights; wherefore he brings this suit." (Overruling *L. & N. R. R. Co. v. Brinkerhoff & Co.*, 119 Ala. 528.)

APPEAL from Jefferson Circuit Court.
Tried before Hon. A. A. COLEMAN.

This action was brought by the appellee against the appellant. The count of the complaint on which the cause was tried was in words and figures as follows: "The plaintiff claims of the defendant nineteen hundred ($1,900) dollars as damages, for that, on, to-wit, the 17th day of August, 1898, the defendant was a body corporate, and engaged in the business of receiving and sending telegrams for hire or reward, and on said 17th day of August, 1898, the plaintiff's father, J. J. Krichbaum, departed this life near Roddy, in the State of Tennessee, and Henry Krichbaum, a brother of the plaintiff, acting as agent for and on behalf of the plaintiff, having prior thereto been requested so to act, presented to the defendant's agent at Roddy, Tennessee, (which was one of defendant's telegraph offices for receiving and sending out telegraph messages) a message informing plaintiff that his father was dead, at the same time paying said agent for the transmission of said message; and informed defendant's said agent at Roddy, Tennessee, in substance and effect that he had been requested by his brother (the plaintiff) to notify the plaintiff of his father's condition; and the said agent at Roddy, Tennessee, received said telegram, and transmitted the same to defendant's telegraph office at Birmingham, Alabama, to be delivered to plaintiff; and the said telegram was received by defendant's agent at Birmingham, Alabama, but defendant negligently and carelessly failed to deliver said telegram to plaintiff as it was in duty bound to do, by reason whereof plaintiff was kept in ignorance of the death of his father, and was prevented from attending the funeral and burial of his father, as he could and would have done had said telegram been delievered within a reasonable time after its transmission to Birmingham, Alabama, and plaintiff avers that he did not know of his father's death until several days after the same occurred, and after his father had been buried, by reason whereof, he suffered great anguish and mental suffering. And plaintiff avers that defendant's failure to deliver said telegram was in violation of a duty which it owed to plaintiff, and was done in utter disregard of plaintiff's rights; wherefore he

brings this suit." To the complaint defendant demurred upon the following ground: "That damages for mental suffering and anguish are not recoverable under the allegations of the complaint." This demurrer was overruled, and this action of the court is assigned as error by defendant. It is unnecessary on the present appeal to set out in detail any of the other facts of the case.

GEO. H. FEARONS and WALKER, TILLMAN, CAMPBELL & PORTER, for appellant.

LANE & WHITE, contra.

TYSON, J.—Action for damages against Telegraph Company for failure to deliver message.

The complaint contained two counts, but one of them was withdrawn. The count upon which the cause was tried, was demurred to on the ground that damages for mental suffering and anguish were not recoverable, there being no other damages claimed. Whether the demurrer was well taken or not depends upon whether the count is in form ex contractu or ex delicto. If in assumpsit, based necessarily upon a breach of the contract, a breach it may be is sufficiently shown by the facts stated to warrant a recovery for nominal damages, if proven to support a recovery for mental suffering by way of aggravation.—Western Union Tel. Co. v. Wilson, 93 Ala. 32, and authorities cited. On the other hand, if the count is in form ex delicto and case, no damage being averred or claimed for any actual injury to the person, reputation or estate of the plaintiff, and only damages for mental suffering, it was subject to the demurrer.—Blount v. Western Union Tel. Co., 126 Ala. 105.

The plaintiff had the right to frame the count either in assumpsit or case. He could have maintained the former by relying upon a breach of the contractual obligation to deliver the message for a recovery; or the latter by relying upon a breach of duty in failing to deliver it, whether that duty arose out of the contract or

is imposed by law.—*Wilkinson v. Moseley,* 18 Ala. 288; *Myers v. Gilbert, Ib.* 467; *Wilkinson v. Moseley,* 30 Ala. 562; *Beavers v. Hardie,* 48 Ala. 95; *Chambers v. Seay,* 73 Ala. 372, s. c. 87 Ala. 558; *Mobile Life Ins. Co. v. Randall,* 74 Ala. 170; *Capital City Water Co. v. City Council of Montgomery,* 92 Ala. 366; *N. C. & St. L. R'y v. Parker,* 123 Ala. 683.

Independent of a *promise* by defendant to deliver the message when it accepted it for transmission, the law imposed the duty upon it of transmitting and delivering it with all reasonable diligence.—25 Am. & Eng. Enc. Law, (1st ed.), 778-780.

When the duty springs out of the relation of the parties growing out of a contract, of necessity the contract and the terms of it must be averred in the complaint in order to show the duty. And if a recovery is sought for a breach of duty growing out of a breach of a contract, a breach of the contract must also be shown by the averments.

Applying the foregoing principles to the count under consideration, it is clear that a breach of duty in failing to deliver the message is the *gravemen* of the complaint and not the breach of a promise by defendant to deliver. We have been unable to find any case not in harmony with these views, except that of *L. & N. R. R. Co. v. Brinkerhoff & Co.,* 119 Ala. 528. It is clear that the court overlooked the distinction pointed out above and went on the theory that because the contract and its breach was alleged, that the action was assumpsit, notwithstanding the *gravamen* of the complaint was the breach of duty. That case is wrong and must be overruled.

The demurrer should have been sustained. It is unnecessary to consider any of the other assignments of error.

Reversed and remanded.