# McQueen *v.* The State.

*Prosecution for Violating Contract entered into on
Confession of Judgment.*

1. *Pleading and practice in criminal cases; when ruling upon de-
    murrer reviewed.*—A judgment sustaining or overruling a de-
    murrer will not be reviewed on appeal, unless the demurrer

[McQueen v. The State.]

appears of record; and, in a criminal case, where the demurrer to the complaint, or indictment, appears only in a bill of exceptions, it is incumbent upon the defendant complaining on appeal of the ruling of the court in overruling the demurrer to affirmatively show error.

2. *Violating contract entered into on confession of judgment; sufficiency of complaint.*—An affidavit or complaint is sufficient and not subject to demurrer which charges that within twelve months before making the affidavit the defendant "on whom a fine was imposed on conviction for a misdemeanor and who in open court signed a written contract approved in writing by the judge of the court in which such conviction was had, whereby in consideration of" the affiant, "becoming his surety on a confession of judgment for the said fine and costs, he agreed to do farm work with said affiant in said county, and who, after being released on such confession of judgment, failed or refused without a good and sufficient excuse to do the labor or perform the service agreed to be performed, against the peace and dignity of the State."

3. *Violation of contract entered into upon confession of judgment.* In a prosecution commenced by an affidavit or complaint charging the defendant with violating his contract entered into by him with surety confessing judgment, where the affidavit or complaint charges the defendant with failing to perform his contract entered into upon the confessing of judgment for "fine and costs," the contract made by the defendant with the prosecutor which recites that judgment was confessed for the costs alone, is not admissible in evidence, there being a variance between said contract and the allegations in the complaint.

Appeal from Criminal Court of Pike.

Tried before the Hon. T. L. Borom.

The prosecution in the present case against appellant, Budd McQueen, was commenced by affidavit made by M. J. Owens, before a notary public and ex-officio justice of the peace: "Personally appeared before me, L. Reeves, N. P. and ex-officio J. P., in and for said county, M. J. Owen, who being duly sworn, says, on oath, that he has probable cause for believing and does believe that, in Pike county, within twelve months before making this affidavit, Budd McQueen, on whom a fine was imposed on conviction for a misdemeanor, and who in open court signed a written contract, approved in writing by the judge of the court in which such conviction was had,

[McQueen v. The State.]

whereby in consideration of M. J. Owens becoming his surety on a confession of judgment for said fine and costs, agreed to do farm work with said M. J. Owens, in said county, and who, after being released on such confession of judgment, failed or refused without a good and sufficient excuse to do the labor or perform the service which in such contract he promised or agreed to perform, against the peace and dignity of the State of Alabama." On the making of this affidavit, the notary public and ex-officio justice peace issued a warrant, commanding the officer to arrest Budd McQueen and bring him before the judge of the criminal court of Pike county, "to answer the State of Alabama of a charge of failure of defendant to perform contract with surety confessing judgment for fine and costs, preferred by M. J. Owens." The defendant demurred to the warrant and affidavit; and the judgment entry recites that the demurrer was overruled. The demurrer to the warrant and affidavit does not appear as a part of the record, but is shown only in the bill of exceptions. The grounds of said demurrer as shown in the bill of exceptions were as follows: (1.) Because the warrant and affidavit fails to aver that the defendant left or escaped from the service of the said M. J. Owens before the fine and costs were paid. (2.) Because the warrant and affidavit fails to aver that the defendant had committed any act violative of the criminal law. (3.) Because the warrant and affidavit fails to show in what court the defendant was convicted. (4.) Because the warrant and affidavit fails to show in what county the defendant was convicted. (5.) Because the warrant and affidavit fails to show in what county the defendant was convicted. (6.) Because the warrant and affidavit fails to show of what offense the defendant was convicted. (7.) Because the warrant and affidavit fails to show the amount of fine and costs imposed upon the defendant for which the said M. J. Owens confessed judgment with the defendant. The facts relating to the rulings of the court which are reviewed on the present appeal are sufficiently stated in the opinion, and from the judgment of conviction the defendant brings the present appeal.

C. E. HARMON, for appellant.—The objection to the introduction of the contract in evidence should have been sustained. There was a fatal variance between the allegations of the warrant and affidavit and the contract; the warrant and affidavit charged the defendant with failing to perform contract with surety confessing judgment for fine and costs, and the contract introduced in evidence showed that the surety only confessed judgment for costs, and not for fine and costs, as is alleged in the warrant and affidavit. The statute gives no authority to surety to confess judgment for costs.

MASSEY WILSON, Attorney-General, for the State. The defendant demurred to the affidavit on various grounds. The demurrer is shown only by the bill of exceptions. In such case it is the settled practice of this court not to review the action of the lower court on the demurrer.—N., C. & St. L. R. R. Co. v. Hanond, 104 Ala. 198; Beck v. West & Co., 87 Ala. 213, 217; 3 Ency. Pl. & Pr. 406. The defendant objected to the introduction of the written contract in evidence because it showed that Owens only confessed judgment with defendant for the costs, and it was averred in the affidavit that the confession was for fine and costs. The objection is without merit.—22 Ency. Pl. & Pr., 551; Bristler et al. v. State, 26 Ala. 107, 131; Carr v. State. 104 Ala. 43, 45; Edwards v. State, 115 Ala. 52.

HARALSON, J.—1. The general rule is, that a ruling sustaining or overruling a demurrer will not on error be revised, unless the demurrer appear of record.—3 Brick. Dig. 405, § 13.

In this case, the minute entry shows, that demurrer to the affidavit and warrant was overruled. What that demurrer was, appears in the bill of exceptions alone. In this state of the case, it was incumbent on the defendant complaining on appeal of the ruling of the court on the demurrer, to affirmatively show error. The affidavit on which the defendant was proceeded against, appears on examination to be in accordance with the statute in such cases, was not defective on its face (Code, § 4751), and was not liable to demurrer on any good ground. The ruling on demurrer must, therefore, be affirmed.

*Hodge v. Tufts,* 115 Ala. 374; *Verberg v. State,* 137 Ala. 73.

2. The statute authorizes a defendant, on whom a fine is imposed on conviction for a misdemeanor, to execute in open court a written contract, approved in writing by the judge of the court, whereby, in consideration of another becoming his surety on a confession of judgment for the fine and costs, to do an act or perform any service for such person, after being released on such confession of judgment, etc.

The State introduced in evidence against the objection of defendant his contract with the prosecutor, M. J. Owens,—the objections of defendant being, that the affidavit "charges defendant with failing to perform his contract with surety confessing the judgment with fine and costs, and the contract shows that Owens only confessed judgment with the defendant for costs;" and, "because the contract shows on its face, that Owens confessed judgment with the defendant for costs only and not for the fine and costs as required by the statute."

The contract sought to be introduced shows, that judgment had been rendered against defendant in a misdemeanor case, for $20, and costs, amounting together to $48.85, and that a judgment was confessed by defendant and said Owens for the costs only.

The affidavit for arrest recites, that said Owens became the surety for defendant on a confessed judgment for *fine and costs* in the misdemeanor case, in considerration of which defendant agreed to do farm work for said Owens. The contract sought to be introduced, showed that said confessed judgment was not for the fine and costs in the misdemeanor case, but for the *costs* alone. It thus appears the affidavit, constituting the complaint on which defendant was tried, and which it was incumbent on the State to prove, recited that the judgment confessed was for *fine and costs* in the case referred to, and the contract offered by the State to prove it, showed that it was for *costs* alone, that the judgment was confessed. There was, therefore, a variance in the allegations of the complaint, and the proof offered to sustain it, and the court erred in allowing the contract to be introduced.

It is unnecessary to consider any other question raised.

Reversed and remanded.