# Western Union Telegraph Co. *v.* Manker.

*Action for Damages for Failure to Deliver Telegram.*

(DECIDED APRIL 20, 1906*. 41 So. REP. 850.)

1. *Appeal; Review; Subsequent Appeals; Law of the Case.*—It having been held on a prior appeal that the complaint alleges a cause of action *ex contractu,* and both parties having treated the same as *ex contractu* on a re-trial, the second appeal will be determined on the same theory.

2. *Principal and Agent; Right of Action by Principal.*—The principal may maintain an action for a breach of contract made by his agent in reference to the sending of a telegram, although the principal's name is not disclosed in the matter.

3. *Telegraphs; Delay in Delivery; Mental Suffering; Damages.*—Though plaintiff's actual damages were nominal, damages for mental suffering may be recovered by way of aggravation in an action *ex contractu* for delay in delivering a telegram, breach of the contract being shown.

4. *Same; Evidence.*—A witness may testify that plaintiff, who boarded at her house, often received telegrams and letters there, as tending to show knowledge or information on part of defendant as to plaintiff's residence, and that it might have delivered the message within a reasonable time.

5. *Same; Same; Action; Instructions.*—A charge asserting that if defendant's messenger used reasonable effort under the circumstances to find plaintiff and deliver the message, they must find for the defendant, is faulty in ignoring any reference to knowledge of defendant, or its operator, of plaintiff's whereabouts, and the failure of defendants agents to inform the messenger where plaintiff might be found.

6. *Evidence; Res gestae; Mental Suffering.*—It was admissible to show that witness, who was in the house where plaintiff received the message, saw plaintiff crying, as tending to show mental suffering.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This was an action for damages resulting from a failure to deliver a telegram. The first count alleges that the defendant was a public telegraph company engaged in sending messages by electricity for hire, and that it received at its office in Kendallville, Ind., from Frank Lash, alleged to be the agent of plaintiff, a certain message, addressed to plaintiff at Birmingham, Ala., for which it received 51 cents, and for which it received and undertook to transmit and deliver said message to plaintiff, alleging a failure to do so for more than a week, and alleging the mental suffering and anguish resulting from the death of the father of the plaintiff, about whose condition the message was, and alleging the actual damages at 51 cents. The second count was the same as the first, except that it declared that the defendant wantonly failed to deliver the message. The third count is the same as the first, except that it alleges that .the defendant received said message and agreed to deliver it to plaintiff at Birmingham. The fourth count is the same as the third, with the exception that it alleges a wanton failure to deliver. The defendant moved to strike all the allegations in the complaint referring to mental anguish and suffering, upon the ground that the same are not and cannot be made the basis of an action. It also demurred to the complaint on the same grounds. Both the motion and demurrer were overruled. The defendant then interposed a plea of the general issue and a plea setting up that it transmitted the message promptly and used due diligence to deliver it to the sendee, but failed

after due diligence to find her, and this fact was communicated to its agent at Kendallville, who communicated it to the sendee, and asked the sendee for a better address, which was not furnished.

The court, at the request of the plaintiff gave the following charges: Charge 1. "If the jury believe from the evidence that plaintiff, by her agent, Frank Lash, paid the defendant the charge for sending the telegram described in her complaint, and that the defendant negligently failed to deliver said telegram, the plaintiff would be entitled to recover the amount of said charges, and in addition thereto whatever damages, not exceeding in the aggregate the amount sued for, the jury may believe from the evidence she is entitled to for whatever mental suffering the plaintiff may have sustained by the defendant's said negligent failure to deliver said telegram." Charge 2. "The court charges the jury that if they believe from the evidence that plaintiff's brother, Frank Lash, in compliance with an agreement made with plaintiff, sent for her the message described in the complaint, and paid to the defendant the charges for sending same, this would be such a loss or damage as would entitle the plaintiff to recover, if the jury further believe from the evidence that the defendant negligently failed to promptly deliver said message to plaintiff." Charge 3. "The court charges the jury that they have the right to infer mental suffering from all the circumstances in the case, and if from all these circumstances in evidence the jury believe from the evidence that plaintiff did so suffer, and that said sufferings were the proximate result of the defendant's negligence in failing to promptly deliver the telegram described in the complaint, and that Frank Lash, as the agent of plaintiff sent said telegram, the jury should consider said mental suffering in determining the amount of damages plaintiff would be entitled to." Charge 4. "If the jury believe from the evidence that plaintiff's brother, Frank Lash, as her agent and on her behalf and for her benefit, delivered to defendant at Kendallville, Ind., the telegram described in the complaint, and paid the charges for transmitting same to plaintiff at Birmingham, Ala., and that

defendant negligently failed to deliver said telegram to plaintiff, your verdict must be in favor of plaintiff." Charge 5. "The law allows the jury to determine from all the circumstances proven whether or not the plaintiff suffered mental anguish or pain from the failure to promptly deliver the telegraphic message described in the complaint, and if they believe that said mental anguish or pain was the proximate result of the negligence of the defendant in failing to deliver said message to plaintiff with reasonable promptness, the jury should compensate her in damages for said mental anguish or pain."

The defendant requested the following charges, which were refused: (1) Affirmative charge as to count 1. (3) Same as to count 2. (4) Same as to count 3. (5) Same as to count 4. (6) "The court charges the jury that they are not authorized to award more than nominal damages to the plaintiff under the first count, if they find that she is entitled to recover anything under that count." (7) Same charge as to the second count. (9) Same charge as to third count. (8) "If the jury believe from the evidence that the plaintiff's brother, Frank Lash, sent a telegram to the plaintiff at her address in Birmingham during the evening of June 13th, notifying her of her father's death, and that the same was delivered to said address, the plaintiff cannot recover in this action more than nominal damages." (10) "If the jury believe from the evidence that Frank Lash sent the telegram referred to in this case, and that he sent it as agent for the plaintiff, yet if they further believe from the evidence that Frank Lash, at or before the sending of the telegram from defendant's office in Kendallville, Ind., did not communicate to defendant or its agent at the same place that he was acting for plaintiff in sending said message or telegram, then the jury cannot find for the plaintiff under the first count of the complaint." (11) "If the jury believe from the evidence that the defendant's messenger boy used or made reasonable effort under all the circumstances of the case to find plaintiff and deliver to her the telegram from her brother, they must find for the defendant." (12) "The court

charges the jury that if they believe the evidence they cannot find for the plaintiff more than nominal damages."

There was judgment and verdict for the plaintiff in the sum of $500.

GEORGE H. FEARONS and CAMPBELL & WALKER, for appellant. There was a misjoinder of counts in the complaint and the demurrer raising that question should have been sustained. Counts 1 and 4 were in tort.— *Chambers v. Seay*, 73 Ala. 372; *Myers v. Gilbert*, 18 Ala. 476; *Morris v. Eufaula Bank*, 122 Ala. 580; *Krichbaum's case*, 132 Ala. 535; *Brocker's case*, 35 So. 468. The second count was *ex contractu.*—*Crumpton's case*. The demurrers to the first count should have been sustained. —*Brocker's case, supra; Krichbaum's case, supra.* (The assignments of error based on the admission of evidence are argued but no authorities are cited to support them.) Charge 1 should not have been given.—*A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226; *W. U. Tel. Co. v. Brocker, supra; Blount v. W. U. Tel. Co.*, 126 Ala. 105. Charge 2 should not have been given on the authority of the cases cited. The affirmative charge for the defendant should have been given as to the first count.—*Blount's case, supra*. Charge 8 requested by the defendant should have been given. Charge 10 should have been given.—*W. U. Tel. Co. v. Ferguson*, 157 Ind. 64. The plaintiff was not entitled to more than nominal damages.—*Southern Ry. Co. v. Harrison*, 119 Ala. 539; *W. U. Tel. Co. v. Ferguson, supra*.

B. M. ALLEN, for appellee.—A person to whom a telegram is addressed may maintain an action for the negligent failure to deliver it promptly on averment and proof that the sender acted as the agent of the sendee.— *W. U. Tel. Co. v. Wilson*, 93 Ala. 34; *W. U. Tel. Co. v. Henderson*, 89 Ala. 510; *W. U. Tel. Co. v. Algood*, 125 Ala. 712; *Lucas v. So. Ry. Co.*, 122 Ala. 529; *W. U. Tel. Co. v. Cunningham*, 99 Ala. 314; *W. U. Tel. Co. v. Hyer*

*Bros.*, 16 Eng. & Am. Corporations 232; *Manker v. W. U. Tel. Co.*, 137 Ala. 292.

An undisclosed principal may maintain an action on a contract made by his agent though such principal be not disclosed in the making of the contract.—*Manker v. W. U. Tel. Co.*, *supra*; *Bell v. Reynolds*, 78 Ala. 511; *City of Huntsville v. Huntsville Gas Co.*, 70 Ala. 191; *McFadden & Bros. v. Henderson, et al.*, 128 Ala. 229.

The facts averred in the complaint set up a contract between the plaintiff and defendant, and the plea was nin assumpsit. Whether the alleged breach was willful or the result of negligence would not change the character from one *ex contractu* to one *ex delicto.*—*Manker v. W. U. Tel. Co.*, *supra.*

Although it may be alleged that an act was wantonly done, still unless it appears by the allegations that there was a purpose to inflict the injury, it cannot be said to have been intentionally done; and unless an act is done, or omitted to be done, under circumstances and conditions known to the person, that his conduct is likely to, or probably will result in injury, and through reckless indifference to consequences, he consciously and intentionally does a wrongful act, or omits an act, the injury can not be said to be wantonly inflicted. These principles have been frequently declared by this court.—*M. & C. R. R. Co. v. Martin, Admr.*, 117 Ala. 382; *L. & N. R. R. Co. v. Anchors*, 114 Ala. 492; *B'ham Railway & Electric Co. v. Bowers*, 110 Ala. 328; *Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262; *Stringer v. Ala. Min. R. R. Co.*, 99 Ala. 397.

The mere intentional omission to perform a duty or the intentional doing of an act contrary to duty, although such conduct be culpable and result in injury, without further averment, falls very far short of showing that the injury was intentionally or wantonly inflicted.—*Memphis & Charleston Railroad Co. v. Martin*, *supra.*

HARALSON, J.—On a former appeal in this case, it was held that the averments in the complaint alleged a cause of action *ex contractu*, and not *ex delicto.* The plaintiff on his trial again treated the complaint as

one for breach of contract, and the defendant so treated it by its plea of non assumpsit thereto, upon which issue was taken. The action will, therefore, be considered as an action *ex contractu* on appeal.—*Manker v. W. U. T. Co.*, 137 Ala. 292, 34 South. 839.

It was also held on that appeal, overruling cases asserting a contrary doctrine, that a principal may maintain an action in his own name for breach of contract made by his agent, although his name was not disclosed in sending the message. That conclusion was arrived at, after mature consideration of the court in consultation. We are now asked to review the latter decision and restore the former ones, and this is the main question on this appeal. It is sufficient to say, that we have not been shown any reasons we can approve for adopting this course, and we decline to follow it, and reaffirm what was decided in that case.

It is also contended by defendant, that in actions of this character, damages for mental suffering cannot be recovered. This contention might prevail if the action were *ex delicto*. But we have seen that the action is one of assumpsit, based upon the breach of a contract to deliver a telegram, in which case, the breach of the contract being shown, damages for mental suffering may be recovered by way of aggravation, and this, when the facts show that no more than actual nominal damages may be recovered.—*W. U. T. Co. v. Krichbaum*, 132 Ala. 535, 31 South. 607; 5 Mayfield's Dig. 262, § 2.

The plaintiff proposed to show by Blanche Benard, and the court allowed her to testify, against the defendant's objection, "that plaintiff often received telegrams and letters" at the house, and at the address of witness, who was the keeper of the house where plaintiff boarded. The purpose of the evidence was to show, that the company knew, or had information of the residence of the plaintiff, and might have delivered the message in a reasonable time, if it had made diligent effort to ascertain her whereabouts. This evidence, for that purpose, was proper to be submitted to the jury, as tending to show that fact.

[Western Union Telegraph Co. v. Manker.]

The witness further testified that she was in the house when the telegram was received by plaintiff, "and saw her crying." The defendant moved to exclude the words, "and saw her crying," on the ground that they were irrelevant and incompetent testimony. There was no error in overruling the objection. The evidence was competent as tending to show mental suffering, a question proper for the determination of the jury.

The witness, Lola Smith, shown to have known plaintiff, was asked whether plaintiff ever received any telegram from the defendant company, while she was at Miss Blanche Benard's house, to which question objection was made, on the ground, in substance, that messages may be delivered by one messenger knowing where the party resides, when the defendant does not necssarily know the residence." The evidence was properly allowed for the reason given for allowing a similar question propounded to Miss Benard.

The plaintiff requested the court to give charges numbered from 1 to 5 inclusive. We have examined these charges and failed to discover any error in them.

The defendant requested charges from 1 to 12 inclusive. From what has been said above, and according to the decisions of this court, these charges were properly refused.

It may be proper to say of the eleventh charge, that it ignores any reference to the knowledge of defendant or its operator of the plaintiff's whereabouts, which the evidence tends to establish, and the failure of defendant's agent to make known to the messenger where plaintiff might be found. Without this, the charge was defective and misleading.

No error appearing, let the judgment be affirmed.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.