# Western Union Telegraph Co. v. Fuel.

*Damage for Failure to Deliver Message.*

(Decided Feb. 10, 1910.   51 South. 571.)

1 *Telegraphs and Telephones; Non Delivery of Message; Complaint.*—In an action against a telegraph company for breach of contract in delivering a message, a complaint which alleges the substance of the contract and its breach, is sufficient without averring negligence or wilful or wanton disregard of plaintiff's rights, etc.

2. *Same; Mental Anguish.*—Where the action is ex contractu for failure to deliver a message announcing the death of plaintiff's wife, plaintiff is entitled to recover damages for mental anguish suffered by reason of the inability of plaintiff to see his wife after death, and to prepare for her funeral.

3. *Same; Damages; Excessive.*—Where the action was ex contractu for a failure to deliver a message announcing the death of plaintiff's wife, in consequence of which, plaintiff was unable to see his wife after death and prepare for her funeral, a verdict for $1,000.00 cannot be said to be excessive.

4. *Same; Non Delivery of Message; Pleas; Sufficiency.*—Where the action was for the non-delivery of a telegram, a plea alleging that the appliances for transmitting the messages over the usual

route were interfered with, and prompt transmission prevented by unknown parties, and that the agent at the initial office did not know of the interference at the time of the receipt of the message, to be sufficient should deny knowledge of the act causing the interference, and should deny the existence of other means of prompt transmission.

5. *Same.*—Where a telegraph company attempts to excuse the non-delivery of messages because of interference by unknown parties with appliances for transmitting messages, it cannot justify delay subsequent to the removal of the interference.

6. *Same; Instructions.*—Where the action was ex contractu for a failure to deliver a message announcing the death of plaintiffs wife, in consequence of which, he was denied the opportunity of seeing her after death, and of preparing for her funeral, a charge asserting that plaintiff should not recover damages for mental anguish during his trip to the place where his wife died, on account of the fact he was deprived of an opportunity to see her after death, or to make preparations for her burial, was properly explained by an additional statement that plaintiff could recover for mental anguish on account of the fact that he could not see his wife after death, or make preparations for her funeral after his arrival.

7. *Contracts; Law Governing; Transmission of Telegraph Messages.*—In its nature, obligation and validity, a contract for the transmission and delivery of a telephone message is governed by the law of the place of performance.

8. *Charge of Court; Instructions Directing Verdict.*—Where the facts authorize nominal damages at least, and if believed, the jury might have awarded damages for mental anguish, the court could not properly direct a verdict for the defendant.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by J. E. Fuel against Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts and pleadings sufficiently appear from the opinion. The court, at the request of the defendant, gave the following charge: "(6) Gentlemen of the jury, I charge you that plaintiff is not entitled to recover any damages in this case for mental worry or mental suffering, during his trip from Barton to Tullahoma, on account of the fact that he did not get to look on the face of his dead wife, or to make preparations for her burial." The court gave this charge, with the following

oral explanation: "Gentlemen of the jury, I charge you, if you find for the plaintiff, he is entitled to recover for his mental suffering, if you find that he did so suffer, on account of the fact that he did not get to look on the face of his dead wife, or to make preparations for her burial after his arrival at Tullahoma." The following charge was refused to the defendant: "(11) If the jury believe from the evidence that the wires of the defendant were interfered with by parties between Memphis and Barton, on the morning of October 26, 1907, so that the message sued on could not be transmitted from Memphis to Barton, and that the parties so interfering with the wires were not charged by the defendant with any duties in the transmission of said message, then I charge you that the defendant is not responsible for the action of said person interfering with the wires, even though such person so interfering with the wires were the agent of the defendant.

GEORGE P. JONES, for appellant.—The demurrers to the complaint should have been sustained, the contract is to promptly transmit and deliver, but it is only liable for negligent or wilful failure.—*W. U. T. Co. v. Chamblee,* 122 Ala. 434; *Abraham v. W. U. T. Co.,* 8 A. & E. Corp. Cases, 130; Thompson on Electricity, 165; Gray on Teleg. Law, 13, et seq. The court erred in sustaining demurrers to pleas 2 and 3, and 3 as amended.— *Smith v. W. U. T. Co.,* 4 Am. St. Rep. 176; *Leonard v. Tel. Co.,* 1 Am. Rep. 446; *Fleichner v. Tel. Co.,* 55 Fed. 740, and authorities supra. Damages for mental anguish are not recoverable.—*W. U. T. Co. v. Ayres,* 131 Ala. 391. A recovery for this character of damages could not be had at common law, and in this instance, the contract was made in Tennessee and is governed by the law of that state, and as the Tennessee law was

[Western Union Telegraph Co. v. Fuel.]

not introduced, the presumption is that the common law prevails.—69 L. R. A. 403; 58 Am. Rep. 609; 129 U. S. 457; 102 S. W. 429. The court erred in qualifying charge 2.—Sec. 5364, Code 1907. The court erred in refusing charge 11.—*Chewning's Case,* 93 Ala. 24; *Martin's Case,* 117 Ala. 367; *Goodloe's Case,* 107 Ala. 233. The verdict was excessive.—13 Cyc. 105 et seq.

ALMON & ANDREWS, for appellee.—The complaint was sufficient.—*W: U. T. Co. v. Krichbaum,* 132 Ala. 538; *W. U. T. Co. v. Waters,* 139 Ala. 652; *Western U. v. Rowell,* 153 Ala. 295. It was not necessary to allege that the contract was negligently or wilfully breached. —*Western Union v. Garthright,* 151 Ala. 413. If the court erred in reference to the pleas, it was error without injury, for the defendant could have made the same defense under the general issue which was pleaded.— 138. Ala. 348. However, the pleas were defective in not alleging that there was no other telegraphic communication between the points than that by the route interfered with. The court did not err in qualifying charge 6.— *Calloway v. Gay,* 143 Ala. 524. The place of performance governs the law of the contract.— *Southern Ex. Co. v. Gibbs,* 46 South. 465. Charge 11 was well refused.—*Lampkin v. L. & N.,* 106 Ala. 287; *Southern Car & F. Co. v. Adams,* 131 Ala. 159. The duty is on the telegraph company to provide competent servants and suitable instruments, and respond in damages for their negligence or the negligence of their servants.—*Reid v. W. U. T. Co.,* 34 L. R. A. 492. The jury is authorized to assess punitive damages, and the verdict was not excessive.—*W. U. T. Co. v. Cunningham,* 99 Ala. 316; *W. U. T. Co. v. Seed,* 115 Ala. 670; *W. U. T. Co. v. Benson,* 48 South. 718.

McCLELLAN, J.—The action is by the sender, acting through an agent, for the breach of a contract to transmit and deliver, with due diligence and care, a telegram announcing the death of plaintiff's (appellee's) wife. The complaint, in two counts, alleges the substance of the contract and its breach. The demurrers, objecting that averment of negligence, or willful or wanton disregard of plaintiff's rights in the premises, was omitted, were not well taken. The proper averment of the contractual status created by the parties and its breach, in this class of cases as in all others for a breach, meets all the requirements of good pleading. Had the action been ex delicto (*Krichbaum's Case*, 132 Ala. 535, 31 South. 607), the point suggested by the demurrers would have been well taken. The damages claimed are for mental anguish, viz., that suffered in consequence of not being able to see the face of his wife, after death and before burial, and that inflicted on account of the deprivation of opportunity of making disposition of the remains of his wife as he desired, and of attending her burial, and of making the preparation therefor. Mental anguish was, if suffered, a proper element of recoverable damages in this case.—*Krichbaum's Case*, 132 Ala. 535, 31 South. 607; *Wilson's Case*, 93 Ala. 32, 9 South. 414, 30 Am. St. Rep. 23, and *Manker's Case*, 145 Ala. 418, 424, 41 South. 850, among others. The position of this court on the question of recoverability of damages, in telegraph cases, for mental anguish suffered, is too deeply grounded to now allow investigation with a view to change.

Aside from general traverse of the allegations of each count, it was undertaken to be specially pleaded by original pleas 2 and 3, by way of confession and avoidance, that the appliances for transmitting the message from Memphis, Tenn., to Barton, Ala., that being the

usual routing for messages from Tullahoma, Tenn., the initial office, were interfered with, and prompt transmission and delivery prevented by unknown parties. Among other grounds, the demurrers to these pleas took the objections that the averments of interference were conclusions of the pleader, and did not show the facts constituting the interference. The court sustained the demurrers. The stated objection taken to both pleas was well taken, and the action of the court must be approved on that score, independent of any other grounds of the demurrers. The pleas did not show that the cause or causes of the "interference"—the acts working it—were unknown to the defendant, if, indeed, that could avail. It was averred that the persons causing the interference were unknown; but this did not negative the other fact. Furthermore, the pleas did not negative, as they should, the fact that there was no other means, within duty, whereby the message might, with promptness, have been transmitted to Barton, Ala. Plea 3 as amended was identical with original plea 3, except it was averred that the agent at Tullahoma did not know of the "interference" at the time the message was filed with him for transmission and delivery. The amendment wrought no change in the plea from that present in the original. The general obligation and duty of such companies is set down in W. U. T. Co. v. Emerson, 161 Ala. 221, 49 South. 820, as taken from Joyce's excellent work on the law of Electricity.

The contract, in this instance, was for the transmission and delivery, with due diligence, of the message filed with the company, from Tullahoma, Tenn., to Barton, Ala. In Sou. Ex. Co. v. Gibbs, 155 Ala. 303, 46 South. 465, 18 L. R. A. (N. S.), 874, the subject-matter of the contract was goods to be transported from an-

other, into this state  It was there held that the place
of performance was in Alabama, and that the law of the
place of performance should govern as to the nature,
obligation, and validity thereof.  The principle must be
the same here.  The only practical difference is that in
the one case goods were to be transported and deliv-
ered, and in the other intelligence.  While, from neces-
sity, the measure of care and diligence, and assurance
is not the same, of course, yet the contracts were the
same in respect of performance, viz., both found incep-
tion in another state, but neither could be performed
elsewhere than in Alabama.  Reference to 2 Joyce, §
908, and notes thereto, will show that there is a differ-
ence of opinion in other jurisdictions, on the question.
However, this court's attitude, as taken in the decision
cited, is regarded as sound, and to renounce its appli-
cation to this case would necessarily overturn the prin-
ciple announced and applied in that case.—*W. U. T. Co.
v. Hill*, 163 Ala. 18, 50 South. 248.

The charges wherein the defendant sought to have the
jury instructed that plaintiff could not recover for men-
tal pain or anguish suffered in consequence of the de-
privations before stated as claimed in the complaint
were properly refused.—*Crumpton's Case*, 138 Ala. 632,
36 South. 517; *Ayers' Case*, 131 Ala. 391, 31 South. 78,
90 Am. St. Rep. 92; 5 May. Dig. p. 902, subd. 25, not-
ing other authorities  The relationship of the plaintiff
to the deceased was that of husband.

There was testimony tending to support the aver-
ments of the complaint, and, if credited by the jury, to
have entitled the plaintiff to nominal damages.  The af-
firmative charge was, on this score alone, well refused.
Besides this, under our decisions, it was also open to
the jury, on the evidence, to award damages for mental
anguish for the breach of the contract declared on.—
Authorities supra.

The explanation, it was not a qualification, of charge 6, given for defendant, was not improper.—*Callaway v. Gay*, 143 Ala. 524, 529, 39 South. 277, following *Eiland's Case*, 52 Ala. 322. The explanation was, as appears, merely an effort to forestall the possibility that the jury might take the charge as forbidding a recovery within the legal limits and as claimed in the complaint. Nothing was taken from the charge, as written, by the language of the court.

Charge 11 was well refused, because it limited the interference hypothesized to "the morning of October 26, 1907," whereas the interference might have ceased during the remainder of that day, and, if so, the defendant could not justify delay subsequent to the removal of the interference.

The verdict was for $1,000. It is insisted that the amount is excessive. The court below held to the contrary. We are not convinced that the ruling was erroneous. In *Seed's Case*, 115 Ala. 670, 22 South. 474, the compensation for mental anguish was held to be a matter within the impartial determination of the jury, and the finding of $1,500 was sustained.

The assignments argued in argument do not rest on error below.

Affirmed.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SAYRE, and EVANS, JJ., concur.