# Glass *v.* The State.

*Violating Prohibition Law.*

(Decided June 3, 1913.  62 South. 1013.)

1. *Appeal and Error; Review; Matters Required to be Shown.—* Where the record does not contain a motion to strike counts of the indictment or any exception to the court's ruling on the same, and the demurrers to the indictment are not shown by the record, the appellate court cannot review the same.

2. *Trial; Request to Charge; Modification.—*Where the court charged at defendant's request that there could be no conviction unless the jury believed beyond a reasonable doubt that defendant had disposed of liquors for money or other things of value, it was proper for the court to modify the same by charging that disposition on promise of payment might be a consummation of a sale, or on credit by a promise of payment.

27 CA

[Glass v. The State.]

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Charlie Glass was convicted of violating the prohibition law, and he appeals. Affirmed.

There was direct evidence of a sale by defendant of beer, and the evidence noted as being objected to has reference to the details and manner of payment, and the fact that other beer and whisky was found and seized, and the exhibitions to the jury of the stuff received. After giving charge 6 at the request of the defendant the court remarked: "That is in substance what I have already charged you." After giving charge 8, which was in effect that there could be no conviction, unless the jury believed beyond a reasonable doubt that defendant had disposed of liquors for money or other thing of value, the court said: "I qualify that by saying that disposition on promise of payment would be a consummation of a sale by a person, or on a credit by a promise of payment."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Neither the motion nor the demurrers are set out in the record, and hence, they cannot be reviewed.—*Harris v. State,* 4 Ala. App. 51; *Bright v. State,* 76 Ala. 196. No error is shown in the rulings of the trial court as to evidence or instructions.

PELHAM, J.—The judgment entry shows an adverse ruling of the court on the defendant's motion to strike the second and third counts of the indictment, and an order overruling demurrers to the same counts. No motion is set out in the transcript, nor is an exception

shown to have been taken to the ruling of the court in passing on the motion. The demurrers interposed by the defendant are not shown by the record, and the ruling of the court in that particular cannot be reviewed here.—*Lacey v. State*, 154 Ala. 65, 45 South. 680; *McQueen v. State*, 138 Ala. 63, 35 South. 39.

The defendant was indicted, tried, and convicted of violating the law against selling intoxicating liquors, and the bill of exceptions shows numerous objections made and exceptions reserved by the defendant to the rulings of the trial court on the admission and rejection of evidence. These questions present only the same propositions that have been so often discussed and passed upon, in construing the present laws on this subject, and the character of evidence admissible under indictments charging a violation of these statutes, that any discussion of them would be futile. No insistence is made by argument or brief that these rulings on the evidence are erroneous, and after considering each and all of them as shown by the record we do not find the court to be in error with respect to any of them.

The court gave the written charges requested by the defendant in the precise language and terms in which they were written (Code, § 5364), and in the remarks and comments made to the jury upon the charges after reading them the court did not undertake to qualify the charges, nor did what was said operate to that effect. It was the right and duty of the presiding judge, if he deemed the charges not to be free from misleading tendencies, to give additional explanatory charges so as to fairly present to the minds of the jury the questions involved and upon which they were to pass.—*Callaway & Truitt v. Gay*, 143 Ala. 524, 39 South. 277; *W. U. Tel. Co. v. Fuel*, 165 Ala. 391, 398, 51 South. 571.

[Patterson v. The State.]

Our investigation of the record does not disclose error authorizing a reversal, and the judgment of the lower court will be affirmed.

Affirmed.

### *Violating Prohibition Law.*

