# Southern Railway Company *v.* Brown.

### *Failure to Deliver Goods.*

(Decided April 15, 1915.  68 South. 321.)

1. *Action; Loss of Goods; Nature and Form of Remedy.*—In an action for the value of trunks transported by a carrier and not delivered, a count in Code form as upon a bill of lading, but having no allegation that the transportation was for a reward, was ex delicto.

2. *Same.*—A count in trover for the value of trunks transported by a carrier, but not delivered, was ex delicto.

3. *Carriers; Goods; Failure to Deliver; Remedy.*—Where plaintiff took certain household goods to a depot to be transported as freight, and also took two trunks to the depot, and informed the agent that they were to be carried as baggage, but before he had returned to the depot to purchase his ticket and have the trunks checked, they were sent forward by freight, and on demand were not delivered, the plaintiff could sue for the breach of duty arising by operation of law out of the carrier's dealing with the trunks as freight, or in trover because of the exercise by the carrier of dominion over his property in defiance of his right to have it carried as baggage or not at all; and the same consequences followed upon either theory of the case.

4. *Continuance; Special.*—It rests within the sound discretion of the trial court to grant or refuse an application for a continuance, and it is not reviewable unless abuse is shown.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Joe Brown against the Southern Railway Company for damages for the loss and conversion of goods. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

LAWRENCE E. BROWN, for appellant.

BOULDIN & WIMBERLY, for appellee.

SAYRE, J.—Plaintiff Brown took two trunks and miscellaneous household goods to defendant's agent at its depot at Aragon, Ga., and received a bill of lading for the transportation of the household goods, not including the trunks, to Stevenson, in this state. Plaintiff's intention was to have the trunks carried as baggage, and he so notified the agent. But, when he went back later in the day to get his ticket and have the trunks checked to Stevenson, the agent informed him that the trunks had gone forward by freight. Plaintiff made demand for his trunks at Stevenson, but they have not been delivered.

(1, 2) The complaint contained two counts. The first in Code form as upon a bill of lading, except that the words "for a reward" were omitted; the second in trover. Defendant contends that, as matter of law on the facts stated, plaintiff should not have been allowed to recover on either count.

The first count, we think, was ex delicto.—*Tallassee Falls Co. v. Western Railway*, 117 Ala. 520, 23 South. 139, 67 Am. St. Rep. 179; *N. C. & St. L. Ry. Co. v. Parker*, 123 Ala. 683, 27 South. 323; *Western Ry. v. Hart*, 160 Ala. 5499, 49 South. 371. So, of course, was the second.

(3) Defendant cites authorities to the effect that notice to the carrier, express or implied, of the intention to commit the goods to his care and custody for transportation, is unnecessary to impose upon him duty and

liability.—*O'Bannon v. Southern Express Co.*, 51 Ala. 481. Here defendant, through its agent, knew the trunks were committed to it for transportation as baggage, or, what comes to the same thing, were left at its depot with the expectation that they would be accepted for transportation as baggage when plaintiff had got his ticket as a passenger. Having put them beyond plaintiff's reach by assuming, without his consent, to forward them as freight, plaintiff had two remedies: He might sue for a breach of duty arising by operation of law out of defendant's dealing with the trunks as freight (*Western Union v. Kirchbaum*, 132 Ala. 535, 31 South. 607); or he might sue in trover on defendant's exercise of dominion over his property in defiance of his right to have it carried as baggage or not at all (*Stafsky v. Sou. Rwy.*, 143 Ala. 272, 39 South. 132). Identical consequences followed upon either theory of the case.

The matter of the continuance or postponement rested in the sound discretion of the court. If defendant's counsel knew nothing of the contents of the bill of lading, defendant knew, and should have been prepared.

It follows from the evidence stated and observations already made as to its effect, that there was no error in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.