[Alexander v. Woodmen of the World.]

# Alexander *v.* Woodmen of the World.

*Action on Insurance Policy.*

(Decided May 13, 1909.   49 South. 883.)

1. *Pleading; Plea in Bar.*—A plea which only goes to the amount of recoverable and does not go to the right of recovery, is not good as a plea in bar; but in the absence of a demurrer to such a plea it must be taken and treated as a plea in bar.

2. *Same; Replication; Departure.*—Where the complaint is ex contractu for recovery on an insurance policy, a replication setting up a breach of duty and seeking a recovery thereon is in case, and hence, a departure.

3. *Same; Replication to General Issue.*—A special replication has no office to perform as a reply to the plea of the general issue since such plea merely denies the allegations of the complaint.

4. *Same; Proof; Videlicit.*—Where a date is laid under a videlicit in pleading it need not be proven exactly as alleged.

5. *Appeal and Error; Harmless Error; Failure to File Demurrer to Replication.*—Although a replication constitutes a departure from the complaint, if no rulings are invoked upon it in the trial court, this court will treat the replication as good on appeal.

6. *Evidence; Burden of Proof.*—Where the plea of the general issue is interposed, which merely denies the allegation of the complaint, and to which no special replication can be filed, such plea places the burden on the plaintiff to prove the allegations of the complaint before he is entitled to a verdict, or before one can be rendered against the defendant under the complaint.

7. *Insurance; Benefit Insurance; Complaint.*—Where the action is upon a certificate of benefit insurance, the death of the insured and the fact that it occurred during the life of the certificate are material averments.

8. *Same; Ownership of Certificate.*—Although the plaintiff was named as the beneficiary, the mere issuing or signing of a benefit certificate after the death of the insured, without more, did not constitute it the property of defendant.

9. *Same; Recovery on; Delivery.*—Where a benefit certificate was neither actually nor constructively delivered and was not in fact issued, until after the death of the insured, no recovery could be had on it.

10. *Charge of Court; Directing Verdict; Pleading.*—Where there was the plea of the general issue, and a special plea to which only a general replication was filed, the fact that there is evidence in support of replication to certain other special pleas would not deny to the defendant the affirmative charge where the facts were established as alleged in the special plea and the plea of the general issue.

11. *Same.*—Where there was a plea going only to the amount of damages recoverable and no demurrer or special replication is filed to such plea, but issue was joined thereon, defendant is entitled to a verdict if he prove such plea, notwithstanding the plaintiff established his special replication to other special pleas, and consequently plaintiff's right to the general charge as to such replication would not change the proper verdict for the defendant in such case.

12. *Same.*—Notwithstanding the other pleading the defendant is entitled to the general affirmative charge where plaintiff wholly fails to prove material averments of the complaint to which the general issue is interposed.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. Coleman.

Action by May Alexander against the Woodmen of the World upon a benefit insurance certificate. Judgment for defendant and plaintiff appeals. Affirmed.

BUSH & BUSH, for appellant.—Where issue is joined on an immaterial plea and the plea is proven, the party is entitled to a verdict.—*Liverpool Co. v. Tillis,* 110 Ala. *Glass v. Meyer,* 124 Ala. 332. Where issue is joined upon the replication proof of the plea is eliminated, so so far as that issue is concerned, and proof of the replication is required.—*Bank v. Halsey,* 109 Ala. 196; *Britt v. Pitts,* 111 Ala. 406. The beneficiary named in the policy is entitled to recover.—*Imperial L. I. Co. v. Glass,* 96 Ala. 568; *Ins. Co. v. Egerton,* 96 U. S. 572; *Travellers I. Co. v. Brown,* 35 South. 463; 12 L. R. A. 421.

J. T. LOWRY and BROWN & BURNETT, for appellee.— Under no phase of the testimony and facts set forth in the trial of this cause can the plaintiff recover.—*Sup. Com. v. Ainsworth,* 71 Ala. 436; *McClendon v. Sovereign, Camp,* 64 S. W. 36; *Wilcox v. Sovereign Camp,* 76 Mo. App. 573; 27 Am. St. Rep. 886; 107 N. W. 795. Counsel discuss the condition of the pleadings, but without citation of authority.

[Alexander v. Woodmen of the World.]

MAYFIELD, J.—The complaint in this case consist-ed of one count, which was an action and claim under a life insurance policy or certificate issued by the ap-pellee corporation upon the life of Leroy P. Blackburn for the benefit of the plaintiff. The complaint is in the form prescribed by the Code (form 12, vol. 2, p. 1196, Code 1907). To this complaint the defendant corpora-tion filed five pleas: First, the general issue; second a special plea setting up a condition of the policy or cer-tificate that, if the insured died within the first year of the insurance, only one-half of the amount of the in-surance, to wit, $1,000, was payable, and that the in-sured died within the first year. The third, fourth, and fifth were special pleas, setting up the facts: That the defendant corporation was a benevolent order; that it had adopted a constitution and by-law; that the plain-tiff's insured was a member of such organization and, as such member, applied for insurance in the order; that in his application for the insurance he agreed to pay all assessments and dues for which he was liable as a mem-ber of such order; that he had never complied with such provision by paying his assessments; that, in conse-quence thereof, the insurance certificate had never been delivered to the insured; that, under the conditions of the certificate, application, and contract for insurance, there was to be no liability upon the insurer until the application should be accepted by a sovereign physician of the corporation, nor until the certificate should be issued and delivered to him, in person, while in good health; that the insured had never paid any of the en-trance fees; that he had never been initiated or obligat-ed into the defendant order; that he had never had de-livered to him the beneficiary certificate, etc. Said pleas set out parts of the application for insurance and the conditions of the policy or certificate of insurance. On

these pleas the plaintiff took issue as to the first and second; and to the third, fourth, and fifth, filed special replications. The substance of the replications was that the plaintiff's insured undertook to secure for plaintiff an insurance policy in the defendant order, known as "Woodmen of the World," and that, as he was not familiar with the methods of procuring the insurance, the work was entrusted to an officer or agent of the defendant order; that, on account of lack of reasonable diligence on the part of such officer or agent, the policy was not procured for or delivered to him during his lifetime, though by the exercise of reasonable diligence on the part of the defendant's agents the policy could and would have been delivered to him during his lifetime. The judgment entry is not certain as to the exact issues upon which the case was tried in the lower court; it reciting merely that, "issue being joined," etc. But as there seem to have been no rulings upon the demurrers, and for other reasons, we will consider the cause as if it were tried upon the issues shown by the pleadings filed.

Defendant's second plea was obviously not good as a plea in bar, for that it did not go to the right of recovery, but only to the amount of damages recoverable; but there was no demurrer to this plea, so it must be treated as a plea in bar. Neither of the special replications filed by the plaintiff to defendant's pleas was good, because each constituted a departure from the complaint; the complaint being an action ex contractu upon the insurance policy. Whereas, the replications sought to recover for a breach of duty, which would be in case, and therefore a departure, but no ruling of the court was invoked, and consequently they should be considered and treated as if good.

[Alexander v. Woodmen of the World.]

The trial court gave the general affirmative charge for the defendant, which is the sole error assigned on this appeal. It is insisted by counsel for appellant that, there being evidence in support of the replication, the general affirmative charge could not be given for the defendant. Had the replications been to all the pleas, we could agree with counsel for appellant; but the replications went only to special pleas 3, 4, and 5. Plea No. 1 was the general issue, and merely denied the allegations of the complaint as to which there was, and could be, no special replication. This, of course, placed the burden of proof upon the plaintiff to prove the averments of his complaint, before he was entitled to a verdict, or before one could be rendered against the defendant.

There was no demurrer or special replication to plea No. 2, and consequently issue was joined upon this plea; and, if the defendant had proved this plea, he was entitled to a verdict notwithstanding plaintiff might have proved his special replications to special pleas 3, 4, and 5. Consequently, it would not change the proper verdict in this case had the plaintiff been entitled to the general affirmative charge as to his special replications.

The defendant was clearly entitled to the general affirmative charge, which was given in this case, for two good and sufficient reasons: First, for that, before there could be a verdict against it under the issues in this case, the plaintiff must prove the material averments of the complaint, which she wholly failed to do; second, plea No. 2 was proven without conflict—was in fact not disputed—and consequently the defendant was entitled to the general affirmative charge. Its special plea being established, without conflict of the evidence and beyond doubt, it was entitled to a verdict upon this plea.

[Alexander v. Woodmen of the World.]

This being an action upon an insurance policy or certificate, the death of the insured was a material averment in the complaint, and that he died during the life of the policy was likewise a material averment. The complaint avers that the insured died on the 29th day of October, 1904; whereas, the proof showed that he died on the 29th day of September, 1904, and the policy was only issued on the 4th day of October, 1904, five days after the death of the insured. While this date is under a videlicet, and consequently need not be proven exactly as alleged, yet it was necessary that the death occur during the life of the policy sued on. Therefore there was an entire failure of proof as to this material averment. The complaint also alleged that the policy sued on was the property of plaintiff. There was likewise an entire failure of proof as to this material averment. Had the policy been issued in the lifetime of the insured, probably this averment would have been proven; but the mere issuing or signing of a policy, after the death of the insured, without more, would not constitute it the property of the plaintif, though she were named as the beneficiary therein.

It is clear, under the undisputed evidence in this case that there could be no recovery upon this insurance policy, for the reason that it was never delivered, either actually or constructively. In fact, it was not issued until after the death of the insured, and, of course, could not be issued after his death or delivered, in accordance with the contract.

The plaintiff may have a right of action (though as to this we do not decide) ; but, if so, certainly it is an action of ease, against the corporation or its officers or agents, for a breach of duty or for negligence in failing to issue and deliver the policy during the lifetime of the insured. The case is not brought within the rule of cases cited by counsel for appellant, and other cases,

[Feore v. Mississippi Transportation Co. A. Berg, Garnishee.]

in which actions have been maintained upon policies of which there had been no actual delivery. In those cases the policies were duly issued, and, under the evidence, it was probably a question for the jury whether or not there was a constructive delivery, in the absence of an actual delivery.

No error appearing in the record, let the judgment of the circuit court be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.