(75 South. 393)

WESTERN UNION TELEGRAPH CO. v. SMITH. (6 Div. 278.)

(Supreme Court of Alabama. April 19, 1917.)

1. COMMERCE 8(12) — EXCLUSIVENESS OF FEDERAL POWER—SUPERSEDING STATE LEGISLATION.

The Carmack Amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. 1916, §§ 8604a, 8604aa]) to Interstate Commerce Act Feb. 4, 1887, c. 104, § 20, pars. 11, 12, 24 Stat. 379, withdrew from the states the entire subject-matter of regulating interstate carriage of freight and passengers, and vested it exclusively in the Interstate Commerce Commission.

2. COMMERCE 8(7) — INTERSTATE BUSINESS —REGULATING POWER.

Act June 18, 1910, c. 309, § 7, 36 Stat. 544 (Comp. St. 1916, § 8563), making the Interstate Commerce Act apply to telegraph and telephone companies, places telegraph companies within the operation of such act to the complete exclusion of state laws.

3. COMMERCE 8(7)—INTERSTATE BUSINESS—POWER OF REGULATION.

Conditions in an interstate telegraph message limiting the company's liability are valid until the Interstate Commerce Commission otherwise declares, and cannot be interfered with by the state.

Appeal from City Court of Birmingham; John C. Pugh, Judge.

Action by L. L. Smith against the Western Union Telegraph Company for damages for failure to transmit and deliver a telegram. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The plaintiff was the sender of the message, and it was sent from Birmingham, Ala., to plaintiff's father in Georgia. It contained the news of the death of the sender's daughter, and requested the grandparents to come.

Pleas 3, 5, 6, 7, and 8 set up provision 1 written upon the back of telegraph blanks, and aver as well that by the act of Congress approved June 18, 1910 (36 Stat. 539), Congress assumed charge of the field of interstate communication by telegraph, and conferred upon the Interstate Commerce Commission. Pleas numbered 5, 6, 7, and 8 set out specifically a portion of the act applying to unrepeated and other classification of messages. Plea ' 13 relies upon the third provision of the sending contract. Plea 14 relies upon the sixth clause of the sending contract. Demurrers were sustained to all the pleas except the thirteenth.

Forney Johnston and W. R. C. Cocke, both of Birmingham, and George H. Fearons, of New York City, for appellant. Hugh L. Black, of Birmingham, for appellee.

McCLELLAN, J.. [1-3] This is an action for damages instituted by appellee against appellant, for the failure to transmit and deliver a telegraphic message from Birmingham, Ala., to Raleigh, Ga.; the plaintiff being the sender of the message. In rulings on the pleading adverse to defendant, including the overruling of a motion to strike the claim for damages for mental distress from the complaint, and in refusing instructions requested by the defendant; the trial court committed errors according to the apt authority afforded by the recent decision delivered here in Western Union Telegraph Co. v. Hawkins, 73 South. 973,[1] where it was held that the assertion by the United States of its powers over interstate commerce of this character, through the amending act of Congress of June 18, 1910, c. 309, § 7, 36 U. S. Stat. at Large, p. 539 (Comp. Stat. of U. S. 1916, § 8563), in connection with the Carmack Amendment of the Interstate Commerce Act (34 U. S. Stat. at Large 584, Comp. Stat. 1916, §§ 8604a, 8604aa), effected to supersede state laws, including rules established by decision of the state court, bearing upon the subject of liability with respect to this particular subject of interstate commerce, and, at the same time, imposed upon the subject-matter the superior, dominant, pertinent rules of law sanctioned by the federal authority.

The writer entertained, and this court en banc approved, a different conclusion in W. U. Telegraph Co. v. Favish, 71 South. 183.[2] I am still disposed to think that the stated doctrine of W. U. Telegraph Co. v. Hawkins, supra, is not to be justified, though it must be conceded that there are decisions directly supporting it. In any event, I would prefer that the Supreme Court of the United States express its supreme judgment on the question before committing the Supreme Court of Alabama to so profound a change from what has been regarded as established law in this jurisdiction. I do not read the decision in W. U. Telegraph Co. v. Brown, 234 U.

S. 542, 34 Sup. Ct. 955, 58 L. Ed. 1457, to the effect accorded it in the opinion in our Hawkins Case, supra. And I am unable to reconcile the view prevailng in our Hawkins Case with the doctrine announced and elaborated in West. Union Telegraph Co. v. Milling Co., 218 U. S. 406, 31 Sup. Ct. 59, 54 L. Ed. 1088, 36 L. R. A. (N. S.) 220, 21 Ann. Cas. 815. The necessary application of the authority of our Hawkins Case requires a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.