(89 South. 299)

## WESTERN UNION TELEGRAPH CO. v. BARBOUR. (6 Div. 292.)

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

**1. Telegraphs and telephones ⬤⟹36—"Promptly" transmit and deliver defined.**

"Promptly," within the implied undertaking of a telegraph company, on accepting a message for transmission, to transmit and deliver it promptly, means expeditiously and without undue delay, that is, as quickly as practicable under the circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promptly.]

**2. Telegraphs and telephones ⬤⟹65(1) — Charging negligence in complaint for not transmitting and delivering promptly unnecessary.**

The complaint for failure of telegraph company to transmit and deliver a message promptly need not charge negligence; absence of negligence in respect to such failure being a legal excuse therefor, and so defensive matter.

**3. Telegraphs and telephones ⬤⟹65(1)—Complaint held to sufficiently charge implied undertaking to transmit and deliver promptly and breach thereof.**

Complaint alleging undertaking of telegraph company to transmit and deliver message, also facts from which the law implies an obligation to transmit and deliver promptly, and charging breach in accordance with the duty assumed, is sufficient.

**4. Action ⬤⟹48(3)—Breach of two implied obligations under contract may be joined.**

There may be joined in the same complaint in action on contract to transmit and deliver telegram breach of the implied obligation to do so promptly and breach of the implied obligation, in case of inability to transmit and deliver, to inform sender thereof.

**5. Pleading ⬤⟹204(3)—Complaint good as to one of two causes of action not demurrable as a whole.**

The complaint for breach of two implied obligations of a contract, being good as to one, is not demurrable as a whole, but demurrer should be to the one defectively pleaded.

**6. Telegraphs and telephones ⬤⟹37(10)—Duty to inform sender of inability to transmit or deliver.**

It is the duty of a telegraph company to inform the sender of a message, not only of inability to transmit it, but of inability to deliver it after transmission.

**7. Pleading ⬤⟹193(8)—Recoverability of part of damages cannot be raised by demurrer.**

Question of recoverability of damages for mental suffering, whether defendant's liability be governed by state or federal law, cannot be raised by demurrer to complaint seeking, for nondelivery of a telegram, not only such damages, but recovery of the charge paid for the service undertaken.

**8. Pleading ⬤⟹88—Recoverability of part of claimed damages cannot be raised by plea.**

Where complaint for nondelivery of telegram seeks recovery not only for mental suffering but recovery of the charge paid, the question of recoverability for mental suffering cannot be raised by plea that the transmission and delivery was an act of interstate commerce, and governed by the federal Interstate Commerce Act (U. S. Comp. St. § 8563 et seq.).

**9. Commerce ⬤⟹28—Transmission of telegram between points in state by route through another state held interstate commerce.**

The transmission of a telegram between points in the state by a route through another state, uniformly adopted and used at the time, is "interstate commerce," governed exclusively by the federal Interstate Commerce Act, as amended by Act Cong. June 18, 1910, § 7 (U. S. Comp. St. § 8563), so that damages for mental anguish for nondelivery are not recoverable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by S. D. Barbour, alias Kate, against the Western Union Telegraph Company for damages for failure promptly to deliver a death message. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The action is stated in four counts, but only the first and third counts were submitted to the jury.

The first count shows that the defendant telegraph company received from the plaintiff at Tuscaloosa the following message, addressed to his daughter, Mrs. Minnie Morgan, at Wylam, Ala., "Come at once; mother and sister dead. [Signed] S. D. Barbour;" that plaintiff paid defendant 80 cents, the price charged, and "defendant did receive and undertake to transmit and deliver to Mrs. Minnie Morgan said message, but the said contract between plaintiff and defendant was broken by the defendant in this, that it failed to transmit and deliver to the said Mrs. Minnie Morgan said message promptly, as it should have done." It is further alleged that plaintiff's wife and daughter had just died; that he was suffering great mental anguish and distress, and needed the presence of Mrs. Morgan to advise, sustain, and console him in his grief; that had the message been properly transmitted and delivered she could and would have reached his side within a short time, and before the burial of his wife and daughter; but that by reason of defendant's failure, as aforesaid, his daughter did not know of his grief, and did not reach him before said burial,

wherefore he suffered much painful anxiety and sore mental distress.

Count 3, as amended, alleges the same general facts and circumstances as does count 1, but charges the breach of duty as follows: The defendant did receive and undertake to transmit and deliver to the plaintiff's daughter, Mrs. Morgan, said message, and that thereupon it became and was the duty of the defendant to transmit and deliver the said message promptly, and, if for any cause it was impossible for defendant to so transmit and deliver said message, to inform the sender of such facts; and the defendant failed to so transmit and deliver said message, and negligently and carelessly failed to inform the sender of defendant's inability to do so. It is also alleged that had said message been promptly transmitted and delivered plaintiff would have had the presence, advice, consolation, and comfort of his said daughter in his great distress and anxiety of mind which he was suffering on account of her absence; or had plaintiff been promptly notified of any inability on defendant's part to so transmit and deliver the message, plaintiff could and would have used the means or methods at his disposal to impart to his said daughter information of his distressed condition, and could and would have secured her presence, advice, consolation, and comfort in his great distress; and by reason of defendant's said violation of its duty to the plaintiff as aforesaid, plaintiff was denied the presence, advice, etc., of his said daughter, and in consequence thereof the plaintiff suffered much painful anguish and sore mental distress. Both counts claimed the fee of 80 cents paid for the message.

Demurrers to each count were overruled, and the trial had on the plea of the general issue. The assignments of error include the rulings on demurrer and the giving and refusal of charges as to the recovery of damages for mental suffering. There was verdict and judgment in the sum of $500.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, Francis R. Stark, of New York City, and H. A. & D. K. Jones, of Tuscaloosa, for appellant.

Count 1 was subject to the demurrers addressed thereto. 124 Ala. 580, 27 South. 416; 37 Cyc. 1722; (Tex. Civ. App.) 133 S. W. 1062; 87 Tex. 165, 27 S. W. 63; (Tex. Civ. App.) 59 S. W. 303; 39 Cyc. 1671; 99 Ala. 314, 14 South. 579; 122 Ala. 428, 25 South. 232, 82 Am. St. Rep. 89; 138 Ala. 632, 36 South. 517; 138 Ala. 484, 35 South. 468; 145 Ala. 426, 41 South. 405; 151 Ala. 413, 44 South. 212; 169 Ala. 99, 53 South. 97, and 169 Ala. 109, 63 South. 205, Ann. Cas. 1912B, 512. Count 2 was subject to the demurrers addressed to it. 14 Ala. App. 295, 17 South. 12; 134 Ala. 269, 32 South. 722; 6 Ala. App. 643, 60 South. 970; 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148, and authorities supra. The court erred in its instruction relative to the recovery of damages for mental pain and anguish. 198 Ala. 682, 73 South. 973; 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333; 91 S. E. 157; 120 Va. 492, 91 S. E. 645; 174 Ky. 210, 192 S. W. 70, Ann. Cas. 1918C, 1026; 62 Okl. 160, 162 Pac. 708.

Foster, Verner & Rice and Brown & Ward, all of Tuscaloosa, for appellee.

The court properly overruled the demurrers to both counts of the complaint. 82 Tex. 561, 17 S. W. 846, 15 L. R. A. 129, 27 Am. St. Rep. 918 and note; 163 Ala. 18, 50 South. 248, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058; 11 Ala. App. 510, 66 South. 926; 144 Ala. 618, 39 South. 121, 113 Am. St. Rep. 66; 197 Ala. 81, 72 South. 356; 145 Ala. 426, 41 South. 405; 129 Fed. 318, 63 C. C. A. 550, 67 L. R. A. 153; 3 Ala. App. 263, 56 South. 854. The duty to notify of a failure to reach the sendee is a plain duty under all the circumstances of this case. Authorities supra. No question of interstate commerce is pleaded, and hence none arises. Section 5331, Code 1907; 108 Ala. 656, 18 South. 735; 95 Ala. 412, 11 South. 262; 120 Ala. 653, 25 South. 22; 81 Ala. 238, 2 South. 96.

SOMERVILLE, J. [1] When a telegraph company accepts a message for transmission and delivery to the sendee, it impliedly undertakes to transmit the message promptly, and to deliver it promptly to the sendee after its transmission to the terminal office. The word "promptly" in this connection means expeditiously, and without undue delay, i. e., as quickly as is practicable under the circumstances.

Our cases have expressed this duty in somewhat variant phraseology. In Daughtery v. Am. Un. Tel. Co., 75 Ala. 168, 178, 51 Am. Rep. 435, it was said that—

"Messages must be sent in the order of their handing in, without favor or partiality, without delay, and without reference to the value of the interests to be affected."

In W. U. T. Co. v. Henderson, 89 Ala. 510, 517, 7 South. 419, 422 (18 Am. St. Rep. 148), it was said that the company's duty is "to forward the message accurately, and with proper diligence;" "and to deliver it with all convenient speed."

In W. U. T. Co. v. Chamblee, 122 Ala. 428, 434, 25 South. 232, 234 (82 Am. St. Rep. 89), the general rule is stated:

"That a telegraph company, in accepting a message for transmission, is under obligation, by its contract with the sender of the message, to transmit it correctly and without delay."

In W. U. T. Co. v. Merrill, 144 Ala. 618, 622, 39 South. 121, 123, a plea was held demurrable because it did not aver:

"That the company transmitted the message or attempted to transmit it promptly as it contracted to do, and which the law required it to do."

In W. U. T. Co. v. Saunders, 164 Ala. 234, 239, 51 South. 176, 178 (137 Am. St. Rep. 35), it was said:

"If the contract was to deliver promptly, or if the law imposed the duty of delivering promptly, a delivery after undue delay is not a compliance."

In W. U. T. Co. v. Hill, 163 Ala. 18, 27, 50 South. 248, 251 (23 L. R. A. [N. S.] 648, 19 Ann. Cas. 1058), the duty is thus laid down:

"Upon the receipt of the message it is the duty of the telegraph company to transmit it without delay, and if from any cause it is impossible to transmit the message, or if delay will be necessary, the company should inform the sender. * * * Delivery should be made as soon after transmission as practicable. The duty of early delivery is as necessary as the prompt transmission. What constitutes due diligence as to prompt delivery is usually a question for the jury, and usually depends upon the facts of each particular case."

[2] In an action on the contract, negligence need not be charged. W. U. T. Co. v. Fuel, 165 Ala. 391, 51 South. 571. The absence of negligence in respect to the failure to promptly and duly transmit and deliver is, however, a legal excuse for such failure, and, being defensive matter, the burden of its proof rests upon the defendant. W. U. T. Co. v. Chamblee, 122 Ala. 428, 434, 25 South. 232, 82 Am. St. Rep. 89; W. U. T. Co. v. Merrill, 144 Ala. 618, 622, 39 South. 121, 113 Am. St. Rep. 66.

[3] Count 1 sets up an undertaking "to transmit and deliver the message," and it also alleges facts from which the law implies an obligation to transmit and deliver promptly, that is, expeditiously and without undue delay. The breach charged is in accordance with the duty assumed, and we hold that the count is not subject to any of the grounds of demurrer.

[4] Aided by the arguments of counsel, we have examined count 2 with critical care. Our conclusion is that it charges severally a breach of each of two distinct obligations of the contract sued on and seeks a recovery for both. But in actions on contracts duplicity of breaches as to distinct obligations is permissible, and does not make the complaint demurrable. Nave v. Berry, 22 Ala. 382; Watts' Ex'r v. Sheppard, 2 Ala. 425; 13 Corp. Jur. 733, § 868. We see no reason why this rule should not apply to implied stipulations and obligations imposed by law, as well as to those which are expressed in the contract.

The first breach charged is that defendant failed to transmit and deliver the message promptly, as it undertook to do. As to this, the count is clearly sufficient, and not subject to demurrer, for the reasons stated in our discussion of count 1, above.

[5] The second breach charged is that defendant negligently and carelessly failed to inform plaintiff of its inability to so transmit and deliver—a separate and distinct obligation. Assuming for the moment, that this breach is not founded upon any duty shown, or that it is defectively stated as a matter of good pleading, the count as a whole was not thereby made subject to demurrer. In such a case, the proper practice is to address the demurrer only to the defective assignment; otherwise the demurrer cannot be sustained. Watts' Ex'r v. Sheppard, 2 Ala. 425; 13 Corp. Jur. 733, § 868.

[6] But, looking to the merits of the question, we are of the opinion that, in principle, it has been heretofore settled by our decisions adversely to defendant's contention. W. U. T. Co. v. Hill, 163 Ala. 18, 27, 28, 50 South. 248, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058; W. U. T. Co. v. Hicks, 197 Ala. 81, 72 South. 356. It is true that those cases related to defendant's inability to transmit the message, due to service conditions. But we are unable to discover any practical or substantial reasons for a difference in the obligation of the company in case of inability to transmit and of inability to deliver to the sendee after transmission. The sender's ignorance of the fact of nondelivery, to whatever cause the failure may be due, and at whatever stage it may become apparent, whether before or after transmission to the terminal point, may be equally injurious to him in every case, and the injury may be equally preventable or mitigable; and the duty of informing him of the failure imposes no greater burden upon the company in the one case than in the other.

In the case of inability to deliver because the sendee could not be found, it has been held by several courts that it is the duty of the company in all cases practicable promptly to inform the sender of the message that it cannot be delivered. Hendricks v. W. U. T. Co., 126 N. C. 304, 35 S. E. 543, 78 Am. St. Rep. 658; note to Swan v. W. U. T. Co., 129 Fed. 318, 63 C. C. A. 550, 67 L. R. A. 153, 155. But the question whether or not it is negligence to fail to attempt to notify the sender that the sendee cannot be found, so that the message cannot be delivered, is a question of fact to be determined by the jury. W. U. T. Co. v. Davis (Tex. Civ. App.) 51 S. W. 258; Id., 24 Tex. Civ. App. 429, 59 S. W. 46. We approve this rule of duty as sound in policy and just in operation, and we think its breach is properly charged in count 3 of the complaint.

The case of W. U. T. Co. v. Henderson, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148,

discussed and defined the duty of the company as to making delivery where the sendee was without the free delivery district, and no provision was made by the sender for delivery outside, in accordance with the company's published rules. There was no question there as to the existence or performance of the consequential duty here under consideration.

[7] The recoverability of damages for the mental suffering of the sender could not be raised by demurrer to the complaint, whether the liability of defendant was governed by state or federal law. Daughtery v. Am. Un. Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; W. U. T. Co. v. Garthright, 151 Ala. 413, 44 South. 212; W. U. T. Co. v. Jackson, 163 Ala. 9, 50 South. 316.

[8] Nor could the question be raised by a plea setting up that the transmission and delivery of the message was, by reason of its passage, according to established routine, through the state of Georgia, an act of interstate commerce, and governed by the federal Commerce Act. Such a plea would not have answered the complaint, and would not have been in bar of a recovery for loss of the charge paid the company for the service undertaken. Alexander v. W. O. W., 161 Ala. 561, 49 South. 883.

[9] Defendant's evidence showed without dispute that, at the time this message from Tuscaloosa to Wylam was accepted by it for transmission, Atlanta was the established relay point for all messages going out of Tuscaloosa to such points as Ensley and Wylam, and that route of transmission, viz., Atlanta was uniformly adopted and used at that time, and that Atlanta was the distributing point for the entire southeast.

Under such conditions the transmission of this message was an act of interstate commerce, and was governed exclusively by the provisions of the federal Commerce Act, as amended by the act of Congress of June 18, 1910 (U. S. Comp. St. § 8563); and damages for mental anguish are accordingly not recoverable. W. U. T. Co. v. Beasley (6th Div. 115) 87 South. 858,[1] wherein this court followed the recent and controlling decision of the federal Supreme Court in W. U. T. Co. v. Speight, 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104, decided October 25, 1920.

The rulings of the trial court as to such damages were not in accord with the rule announced, and the judgment must therefore be reversed and the cause remanded for another trial. We deem it unnecessary to discuss other questions argued by counsel.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.