(97 South. 136)

**BARBOUR v. WESTERN UNION TELEGRAPH CO.** (6 Div. 777.)

(Supreme Court of Alabama. June 30, 1923.)

**1. Telegraphs and telephones ⬅68(2)—Damages for mental anguish from failure to notify sender of nondelivery of interstate message not recoverable.**

One sending an interstate telegram can no more recover damages for mental anguish because of the telegraph company's breach of duty to notify him of nondelivery, than for breach of its initial duty to transmit and deliver.

**2. Trial ⬅56—Exclusion of merely cumulative evidence not error.**

In an action for failure to deliver a telegram notifying addressee of a funeral, where plaintiff testified that if he had received notice of nondelivery before the funeral, he had "other means by which" he could have communicated with addressee, or gotten her to the funeral, the court did not err in refusing to allow him to further state that there was telephonic communication, and that he could have gone after her in a taxicab.

**3. Evidence ⬅151(1)—Questions as to whether sender of undelivered telegram would have gone after addressee, if notified of nondelivery in time, held improper, as calling for expression of undisclosed intention.**

In an action for nondelivery of a telegram, notifying plaintiff's daughter of a funeral, questions as to whether he could and would have gone after her, if notified of such nondelivery before the funeral, were properly refused as calling for an expression of an undisclosed intention.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by S. D. Barbour against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals. Affirmed.

For a statement see 206 Ala. 129, 89 South. 299, 17 A. L. R. 103.

Counts 2 and 4 charged willful or wanton failure to deliver and willful or wanton failure to notify plaintiff of inability to deliver. These charges were given, at defendant's request:

"4. If the jury believe the evidence they cannot find a verdict for the plaintiff under count 2 of the complaint as amended.

"6. If the jury believe the evidence they cannot find a verdict for the plaintiff under count 4 of the complaint as amended.

"7. If the jury believe the evidence they cannot assess any damages in favor of the plaintiff for or on account of mental pain and anguish alleged to have been suffered by the plaintiff.

"9. The court charges the jury that the message sued on in this case, by reason of the fact that it was transmitted through the city of Atlanta, Ga., constituted interstate commerce, and the plaintiff is not entitled to recover damages of this case for mental pain and suffering or for being deprived of the advice and comfort and consolation of the presence of his daughter, the addressee of the message."

Foster, Verner & Rice and Brown & Ward, all of Tuscaloosa, for appellant.

It is competent to prove that, if the sender had been informed of the failure to deliver telegram, he could and would have used other means of communication. W. U. Tel. Co. v. Ryan, 206 Ala. 511, 90 South. 793. The counts claiming damages for failure to notify of inability to deliver are based on tort committed in Alabama, and not subject to the Interstate Commerce Act. Swan v. W. U. T. Co., 67 L. R. A. 153, note; W. U. T. Co. v. Holland, 11 Ala. App. 510, 66 South. 926; W. U. T. Co. v. Hill, 163 Ala. 18, 50 South. 248, 251, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058; Fleischner v. Pacific Postal Telegraph-Cable Co. (C. C.) 55 Fed. 738; W. U. T. Co. v. Bierhaus, 12 Ind. App. 17,

39 N. E. 881; W. U. T. Co. v. Hicks, 197 Ala. 81, 72 South. 356; Lyles v. W. U. T. Co., 77 S. C. 174, 57 S. E. 725, 12 L. R. A. (N. S.) 534; W. U. T. Co. v. Snell, 3 Ala. App. 263, 56 South. 854; W. U. T. Co. v. Barbour, 206 Ala. 129, 89 South. 299, 17 A. L. R. 103; W. U. T. Co. v. Ryan, 206 Ala. 511, 90 South. 793; U. S. Comp. St. § 8563.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and H. A. & D. K. Jones, of Tuscaloosa, for appellee.

The message being impressed with interstate character, damages for mental anguish cannot be recovered for failure either to deliver or to notify. W. U. Tel. Co. v. Barbour, 206 Ala. 129, 89 South. 299, 17 A. L. R. 103.

THOMAS, J.   The insistence is that under counts 3 and 4 of the complaint a tort committed in Alabama is charged.

[1] The former appeal is reported in 206 Ala. 129, 89 South. 299, 17 A. L. R. 103. If the suit message, for all purposes, was impressed with interstate character, the plaintiff can no more recover damages for mental anguish because of the alleged breach of duty to notify the sender of nondelivery, than for the breach of the initial duty to transmit and deliver (Western Union Tel. Co. v. Beasley, 205 Ala. 115, 87 South. 858; Western Union Tel. Co. v. Speight, 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104); that is to say, it is immaterial in what form of action the plaintiff claims his damages for mental anguish—whether for failure to perform the initial duty to transmit or deliver, or negligence in failing to notify the sender of defendant's inability to deliver, after having undertaken the interstate transmission and delivery of the message.

The rule of law which necessitated the reversal of the judgment recovered by the plaintiff in the first instance (Western Union Tel. Co. v. Barbour, 206 Ala. 129, 89 South. 299, 17 A. L. R. 103), now necessitates the affirmance as to charges given and assigned for error, viz. charges 4, 6, 7, and 9.

[2, 3] The plaintiff, as a witness, having answered in the affirmative that if he had received any notice before the funeral that this telegram had not been delivered to Mrs. Morgan he had "other means by which" he could have communicated with her or gotten her to the funeral, no error was committed in refusing to allow the witness to further state there was telephonic communication between Tuscaloosa and Wylam. So of the questions, "Mr. Barbour, you said something about a taxicab, state whether or not you could have gone after your daughter and brought her here for the funeral?" and "Would you have done so?" refused to plaintiff. The questions sought to call for an expression of the un-

disclosed intention of the witness, as to whether or not he would have "gone after" his daughter if notified, and were properly refused.

Plaintiff's motion for a new trial was properly overruled.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.