45 So.2d 714

**WESTERN UNION TELEGRAPH CO. v. WINFREE.**

I Div. 597.

Court of Appeals of Alabama.

March 21, 1950.

Rehearing Denied April 11, 1950.

Lyons, Thomas & Pipes, of Mobile, for appellant.

McAleer, Langan & Gaston, of Mobile, for appellee.

CARR, Judge.

The plaintiff's complaint is in two counts, each claiming damages only for mental pain and anguish. The counts of the complaint allege that defendant negligently failed to deliver two money orders which the plaintiff sent over defendant's wires from the State of Alabama to the State of Texas.

The appellant here (defendant below) insists that the complaint was subject to the interposed demurrers which posed the position that the cause is counted in tort and in this character of action there can be no recovery for mental pain and anguish in the absence of claim and proof of damages for injuries to plaintiff's person or estate. McLendon v. Western Union Tel. Co., 15 Ala.App. 230, 73 So. 120; Western Union Tel. Co. v. Wright, 169 Ala. 104, 53 So. 95; Western Union Tel. Co. v. Rowell, 153 Ala. 295, 45 So. 73; Western Union Tel. Co. v. Waters, 139 Ala. 652, 36 So. 773; Western Union Tel. Co. v. Krichbaum, 132 Ala. 635, 31 So. 607; Western Union Tel. Co. v. Blocker, 138 Ala. 484, 35 So. 468.

We will pretermit a decision on this point and respond to a question which in our view is more decisive of this appeal.

This written instruction was refused to appellant: "D-22 The court charges the

jury that the message sued on in this case, by reason of the fact that it was transmitted from the State of Alabama to the State of Texas, constituted inter-state commerce, and the plaintiff is not entitled to recover damages in this case for mental pain and anguish."

The United States Supreme Court in Western Union Tel. Co. v. Speight, 254 U. S. 17, 41 S.Ct. 11, 65 L.Ed. 104, held that mental suffering could not be recovered as an element of damages for failure to deliver a telegram in interstate commerce

In the case of Western Union Tel. Co. v. Hawkins, 198 Ala. 682, 73 So. 973, 974, the Supreme Court posed this inquiry: "Whether, under the interstate commerce law, as amended by Act Cong. June 18, 1910, c. 309, 36 U.S.Stat. at Large, p. 539 [49 U.S.C.A. § 1 et seq.], state laws regulating the contract, obligations, and liability of common carriers of interstate telegrams have been superseded and annulled by the provisions of the federal law."

In response it was held: "With respect to plaintiff's right to recover damages for mental anguish, as heretofore authorized by the decisions of this court, contrary to the decisions of the federal courts, a discussion by us of the influence of the Amendment of 1910 would be useless; since the Supreme Court of the United States has pointedly declared that state laws authorizing such a recovery are now invalid as unwarrantable affecting interstate commerce." See also, Western Union Tel. Co. v. Smith, 200 Ala. 65, 75 So. 393.

In the case of Western Union Tel. Co. v. Barbour, 206 Ala. 129, 89 So. 299, 17 A.L.R. 103, the action was counted in assumpsit. The Supreme Court held that the transmission of a telegraphic message in interstate commerce is governed exclusively by the provisions of the federal Interstate Commerce Act and damage for mental anguish is accordingly not recoverable.

This case was again before the Supreme Court and is reported in 210 Ala. 135, 97 So. 136, Barbour v. Western Union Tel. Co. Justice Thomas, writing for the court, made this observation: "If the suit message, for all purposes, was impressed with interstate character, the plaintiff can no more recover damages for mental anguish because of the alleged breach of duty to notify the sender of nondelivery, than for the breach of the initial duty to transmit and deliver (Western Union Tel. Co. v. Beasley, 205 Ala. 115, 87 So. 858; Western Union Tel. Co. v. Speight, 254 U.S. 17, 41 S.Ct. 11, 65 L.Ed. 104); that is to say, it is immaterial in what form of action the plaintiff claims his damages for mental anguish—whether for failure to perform the initial duty to transmit or deliver, or negligence in failing to notify the sender of defendant's inability to deliver, after having undertaken the interstate transmission and delivery of the message."

This doctrine was reaffirmed in the case of Western Union Tel. Co. v. Bashinsky, Case & Co., 217 Ala. 661, 117 So. 289.

Our courts are committed to the view that the transmission of a telegram between two places in this State over a line passing out of the State is nevertheless interstate commerce. Based on these circumstances, it is held in Western Union Tel. Co. v. Beasley, 205 Ala. 115, 87 So. 858, that a recovery for mental anguish could not be had.

It follows that the written charge in question stated the law in the case and should have been given.

The judgment below is reversed and the cause is remanded.

Reversed and remanded.